CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
RHu
NOV 04 2008
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID ALLEN YOUNG,<br>Petitioner, | ) ) ) | Civil Action No. 7:08-cv-00479 |
| v. | ) ) | **MEMORANDUM OPINION** |
| EDDIE L. PEARSON,<br>Respondent. | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

David Young, a Virginia inmate proceeding pro se, brings this timely habeas petition, pursuant to 28 U.S.C. § 2254. Young challenges the validity of his confinement following his convictions in the Henry County Circuit Court for unlawful wounding, malicious wounding, maliciously shooting within an occupied dwelling, and use of a firearm in commission of a felony. He is currently serving the thirty-eight year sentence imposed for those convictions. Young claims that the Commonwealth unfairly prejudiced his trial, his appellate and trial counsels were ineffective, and the evidence was insufficient to support his convictions. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for the court's consideration. Upon review of the record, I find that the motion to dismiss must be granted.

I.

On October 29, 2003, the Henry County Circuit Court convicted Young after a bench trial. Before filing any direct appeal, Young filed a petition for a writ of habeas corpus to the Supreme Court of Virginia raising seven grounds for relief. The Supreme Court of Virginia granted Young a delayed direct appeal and dismissed his habeas petition without prejudice as to the seven grounds he originally filed. The Court of Appeals of Virginia subsequently reviewed Young's direct appeal on the sole ground that the evidence was insufficient to support his

convictions. The Court of Appeals of Virginia denied relief, and the Supreme Court of Virginia rejected Young's petition for a direct appeal on the same issue.

On September 4, 2007, Young filed his second petition for a writ of habeas corpus to the Supreme Court of Virginia. Young presented seven claims to the court, but some of the claims had not been presented to the court in Young's first habeas petition. The court denied Young's petition on the merits and for procedural default.

In his instant § 2254 habeas petition, Young claims that:

1. The Commonwealth introduced evidence concerning Young's relationship with another woman that was irrelevant and unfairly prejudicial to him;

2. His trial counsel was constitutionally ineffective because he did not obtain witnesses' medical records to disprove their injuries and he allowed a non-expert to testify as to how a firearm works;

3. The trial evidence was insufficient to support his convictions of unlawful wounding and malicious wounding;

4. His trial counsel was constitutionally ineffective because he made statements that unfairly prejudiced Young's case; and

5. His appellate counsel was constitutionally ineffective because he failed to raise all possible issues on appeal.

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution and laws or treaties of the United States." 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court

2

Case 7:08-cv-00479-JLK-mfu   Document 12   Filed 11/04/08   Page 2 of 10   Pageid#: 148

to reexamine state-court determinations on state-law questions."). Federal courts may not grant writs of habeas corpus to petitioners in state custody unless the petitioners have first exhausted their state remedies by presenting their claims to the highest state court. 28 U.S.C. § 2254(b)(1). To properly present claims to state courts, petitioners must discuss "operative facts and the controlling legal principles[.]" Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted).

A.

If petitioners do not present their claims to the highest state court, federal courts will consider those claims exhausted if they clearly would be procedurally barred under independent and adequate state law grounds. Gray v. Netherland, 518 U.S. 152, 161 (1996). Federal courts may not subsequently review those exhausted, defaulted claims because the claims are considered adjudicated on independent and adequate state law grounds. Id. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). However, petitioners may be excused from their procedural default if they can demonstrate cause and prejudice for the default or that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749 (1991) (internal quotation marks omitted).

In his instant § 2254 petition, Young claims that the Commonwealth introduced unfairly prejudicial and irrelevant evidence at trial that Young was involved with another woman. Young also claims that his trial counsel was constitutionally ineffective for failing to obtain witnesses' medical records to disprove the cause of their injuries and for allowing a lay witness to testify about how a firearm works.

After reviewing Young's second habeas petition, the Supreme Court of Virginia held that

3

Young had procedurally defaulted these claims. Young v. Warden of the Powhatan Corr. Center, No. 071804, slip op. at 2-4 (Va. July 29, 2008). The court noted that although Young knew the facts surrounding these claims, he did not raise the issues in his first petition to the court. Id. at *2-3.

If Young went back to state court to raise these claims now, they would be barred under Slayton v. Parrigan, 215 Va. 27, 27 (1974). The Supreme Court of Virginia held in Slayton that "[t]he trial and appellate procedures in Virginia are adequate in meeting procedural requirements to adjudicate State and Federal constitutional rights" and that "[a] prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction." Id. at 30. The United States Court of Appeals for the Fourth Circuit has repeatedly held that the rule set forth in Slayton constitutes an independent and adequate state ground for the denial of habeas relief. See, e.g., Fisher v. Angelone, 163 F.3d 835, 853 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998); Fitzgerald v. Greene, 150 F.3d 357, 366 (4th Cir. 1998). Therefore, the first two claims in the instant petition are simultaneously exhausted and procedurally defaulted. Young did not present grounds to excuse his procedural default. Accordingly, the court dismisses his first and second claims.

B.

A federal court may not grant habeas relief as to claims adjudicated by state courts unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). An "adjudication on the merits"

Case 7:08-cv-00479-JLK-mfu   Document 12   Filed 11/04/08   Page 4 of 10   Pageid#: 150

includes claims that were decided in state court, even in summary fashion. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999).

A state court adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 376-77 (2000); see Lovitt v. True, 403 F.3d 171 (4th Cir. 2005); Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (en banc). A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal principle, "unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The Williams Court stressed that Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Id. at 411. Thus, under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court's decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable. Id.; see Booth-El v. Nuth, 288 F.3d 571, 576 (4th Cir. 2002); McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997) (holding that the focus of federal court review is the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves). Furthermore, a state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

5

*1.*   *Young's third claim that the trial evidence was insufficient to support his convictions of unlawful wounding and malicious wounding*

When reviewing a sufficiency of the evidence claim in a federal habeas petition, "the critical inquiry . . . must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). The "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). In determining whether the Court of Appeals of Virginia reasonably applied these principles, the court must determine whether the decision is minimally consistent with the record. Bell, 236 F.3d at 159.

Young alleges that there was insufficient evidence presented at his bench trial to convict him of unlawful wounding and malicious wounding. Upon its review, the Court of Appeals of Virginia examined the record in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom in accordance with Archer v. Commonwealth, 26 Va. App. 1, 11 (1997). The Court of Appeals found as follows:

> [O]n the night of December 20, 2002, appellant's wife, Tammy Young, met up with her friend, Tonia Davis, and two other men, Kirk Athey and James Walker. The four spent a few hours at a bar and then went to the trailer where Tammy lived with appellant. Appellant and Tammy had been separated for about one week prior to that night, and appellant was at his mother's house. Over the course of the evening, Tammy called appellant a number of times and on at least one occasion asked him to come to the trailer. By the time appellant arrived, Kirk and Tammy were in her bedroom and James and Tonia were in another room.
> At approximately 1:00 a.m., appellant opened the door to the trailer using his key and then walked through Tammy's bedroom door. Appellant was carrying a loaded .45 revolver, which could not be fired unless it was manually cocked. Upon entering, appellant saw Kirk near the bed and fired his revolver at him. The two men struggled in the bedroom and moved out to the hall. Appellant fired three or four shots, and Kirk ran out of the trailer. Many of the witnesses heard three shots fired together, and then a

6

>   fourth later. While appellant testified that he does not remember shooting Tammy, Tammy was laying unconscious in a pool of her own blood when the police arrived.
>
>   Appellant ran out of the trailer and drove away, then decided to return and crashed his vehicle on the side of the road. He called 911, and told the operator that "I just shot my wife." An officer, on his way to the trailer, saw appellant's vehicle on the side of the road and stopped. Appellant said to that officer, "I just shot my wife." He repeated "I caught my wife in bed with another man and I shot her." He later admitted to an investigator that he shot at Kirk at least once. Kirk Athey suffered a number of gunshot wounds: through his chest, his left arm, and in his hip. Tammy suffered serious injuries to her head and to her hand.

Young v. Commonwealth, No. 2321-05-3, slip op. at 1-2 (Va. Ct. App. Apr. 18, 2006) (per curiam).

The Court of Appeals of Virginia found that the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that Young committed unlawful wounding and malicious wounding. The Supreme Court of Virginia refused Young's subsequent appeal. Based on the foregoing, I find that a rational trier of fact could have found proof of guilt beyond a reasonable doubt that Young committed maliciously wounding and unlawfully wounding in violation of state law. I also find that Young cannot demonstrate that the Court of Appeals of Virginia's rejection of his insufficient evidence claim was contrary to clearly established principles, involved an objectively unreasonable application of federal law, or was based on an unreasonable determination of the facts. The Court of Appeals of Virginia decision, which is consistent with the evidence contained in the record, is entitled to deference under § 2254. Accordingly, I dismiss this claim.

2. *Young's fourth and fifth claims that his trial and appellate counsels were constitutionally ineffective*

To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If petitioners have not satisfied one

7

prong of the Strickland test, courts do not need to inquire whether they have satisfied the other prong. Id. at 697. The first prong of Strickland requires petitioners to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The second prong of Strickland requires petitioners to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Young claims that his trial counsel was constitutionally ineffective because he made statements that unfairly prejudiced Young's case. Specifically, Young alleged in his state habeas petitions that trial counsel should not have stated that if "petitioner had not carried the gun with him[,] none of this would have happened." In denying his state habeas claim, the Supreme Court of Virginia noted that the statement was a fair characterization of the evidence and counsel said it in the context of his closing argument that Young lacked the intent to commit the charged offenses. Young, No. 071804 at 2. Furthermore, Young said at the scene of the crime immediately following the shooting that "[he] caught [his] wife in bed with another man, and [he] shot her." (Resp. Mot. Dismiss Ex. H, Tr. 44.) Young also testified that "if [he] hadn't had the gun that night, [the victim] would not have gotten hurt." Young, No. 071804 at 2. Accordingly, the Supreme Court of Virginia concluded, after applying Strickland, that trial counsel was not constitutionally ineffective. It is well established that trial counsel has wide latitude in deciding how to best represent a client, and courts must be highly deferential to

8

Case 7:08-cv-00479-JLK-mfu   Document 12   Filed 11/04/08   Page 8 of 10   Pageid#: 154

counsel's trial strategy. Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003). Therefore, I find that the Supreme Court of Virginia's disposition of this claim was not contrary to, or an unreasonable application of, Strickland and was not based on an unreasonable determination of facts. Accordingly, I dismiss this claim.

Young also claims that his appellate counsel was constitutionally ineffective because he failed to raise all possible issues on appeal. Specifically, Young alleges that appellate counsel failed to raise on appeal the facts that the Commonwealth introduced evidence concerning Young's relationship with another woman that was irrelevant and unfairly prejudicial to him; his trial counsel was constitutionally ineffective because he did not obtain witnesses' medical records to disprove their injuries and he allowed a non-expert to testify how a firearm works; and his trial counsel was constitutionally ineffective because he made statements that unfairly prejudiced Young's case.

However, Young procedurally defaults these specific claims of ineffectiveness of appellate counsel because he raises them now for the first time. In denying his state habeas petition for this claim, the Supreme Court of Virginia noted that Young "fail[ed] to identify what additional issues he contends counsel should have presented on appeal." Young, No. 071804 *3. In his instant petition, Young now alleges the additional issues he contends counsel should have presented on appeal, which are the same first, second, and fourth grounds for habeas relief in the instant petition.

The substance of Young's claims must have been first presented fairly, "face-up[,] and squarely" in state court. Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982)). "Oblique references which hint that a theory may be lurking in

9

the woodwork will not turn the trick." Townes, 68 F.3d at 846. Since Young procedurally defaulted the alleged specific instances of ineffectiveness of appellate counsel, I will consider his broader allegation that appellate counsel failed to raise all issues on direct appeal.

In denying his state habeas claim against appellate counsel, the Supreme Court of Virginia noted that Young failed to particularly identify counsel's deficient performance or how any performance would have resulted in a reasonable probability of a different result on appeal. Accordingly, the court, after applying Strickland, found that appellate counsel was not constitutionally ineffective. The court recognized that "the selection of issues to address on appeal is left to the discretion of appellate counsel." Young, No. 071804 at *3 (citing Jones v. Barnes, 463 U.S. 745, 751-52 (1983)). "Counsel is not required to address every possible issue on appeal"and experienced appellate counsel "emphasize[] the importance of winnowing out weaker arguments on appeal and focusing on one central issue[.]" Jones, 463 U.S. at 751-52. Therefore, I find that the Supreme Court of Virginia's disposition of this claim was not contrary to, or an unreasonable application of, Strickland and was not based on an unreasonable determination of facts. Accordingly, I dismiss this claim.

III.

For the foregoing reasons, I grant the respondent's motion to dismiss Young's § 2254 habeas petition.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel for the respondent.

ENTER: This 4th day of November, 2008.

*[signature]*
Senior United States District Judge